UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THERESA MARIE NIESEN,<br><br>           Plaintiff,<br><br>     v.<br><br>L. GARCIA, YOLO COUNTY SHERIFF'S DEPUTY; J. CEJA, YOLO COUNTY SHERIFF'S DEPUTY; J. LAZARO, YOLO COUNTY SHERIFF'S DEPUTY; M. NEVIS, YOLO COUNTY SHERIFF'S DEPUTY; OFFICER BIGELOW, ANIMAL CONTROL OFFICER FOR YOLO COUNTY; YOLO COUNTY SHERIFF'S DEPARTMENT; YOLO COUNTY PROBATION DEPARTMENT, and Does 1 through 50, et al.,<br><br>           Defendants. | CIV. NO. 2:14-02921 WBS DAD<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiff Theresa Niesen brought this civil rights action under 42 U.S.C. § 1983 alleging defendants violated her Fourth and Fourteenth Amendment rights.  Presently before the court is defendants' motion to dismiss plaintiff's claims for

1

failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. Factual and Procedural Background

Police entered plaintiff's home on December 17, 2012 looking for Shane Edgington for a probation search. (Compl. ¶ 3 (Docket No. 1).)  Plaintiff alleges this was in error because Edgington did not live there.  (Id. ¶ 3.)  Plaintiff was not home at the time.

Plaintiff kept seven pit bulls at her residence.  (Id.) When the police arrived, three of the dogs were in a bedroom, and the others were in kennels outside.  (Id.)  According to the officers, while they were conducting the search of the home, one of the dogs came out of the bedroom and lunged toward Deputy Ceja.  (Id.)  Ceja shot at the dog several times.  (Id.)  As another dog emerged from the bedroom, Deputy Garcia shot at it twice.  (Id.)  Both of the dogs that were shot were taken to the UC Davis Veterinarian Hospital but were dead upon arrival.  (Id.) The other dogs were seized by Animal Control.  (Id.)  Plaintiff alleges that she was only able to afford to retrieve three of her dogs from Animal Control after the incident.  (Id.)

The police found .35 grams of methamphetamine and three smoking pipes at the residence, although they never located Shane Edgington.  (Id.)  Plaintiff alleges she was unlawfully arrested two days after the raid.  (Id.)

Plaintiff asserts four claims against all defendants under 42 U.S.C. § 1983: (1) unreasonable seizure of her dogs in violation of the Fourth Amendment; (2) unlawful arrest in violation of the Fourth Amendment; (3) violation of plaintiff's

2

procedural due process rights under the Fourteenth Amendment; and (4) a Monell claim for agency liability.  Defendant Yolo County moves to dismiss all four claims as against it pursuant to Rule 12(b)(6).  The individual defendants move to dismiss plaintiff's third and fourth claims as against them.

## II. Discussion

### A. Standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The plausibility standard "does not require detailed factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Nor does it "impose a probability requirement at the pleading stage."  Starr v. Baca, 652 F.3d 1202, 1213 (9th Cir. 2011).  This standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' to support the allegations."  Id. at 1217 (quoting Twombly, 550 U.S. at 556).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

### B. Claims Against Individual Defendants

1                    1.  Procedural Due Process

2           To establish a procedural due process violation, plaintiff must show: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process."  <u>Portman v. County of Santa Clara</u>, 995 F.2d 898, 904 (9th Cir. 1993).  Plaintiff alleges that defendants "attempt[ed] to threaten and/or dissuade Plaintiff from complaining or initiating legal action following these incidents" and "were unreasonable."  (Pl.'s Opp'n at 4 (Docket No. 7).)  In clarifying which liberty or property interest she is alleging defendants violated, plaintiff asserted that police failed to follow the proper procedure before arresting and detaining her.  (<u>Id.</u>)

            The court is unable to discern from the Complaint or plaintiff's clarification a plausible deprivation of a liberty or property interest.  An arrest unsupported by probable cause is cognizable as a claim under the Fourth Amendment, not the due process clause of the Fourteenth Amendment.  <u>See</u> <u>Larson v. Nemi</u>, 9 F.3d 1397, 1400-01 (recognizing that the Fourth Amendment, not the due process clause of the Fourteenth Amendment, applies to claims of unconstitutional seizures of persons) (citing <u>Caballero v. City of Concord</u>, 956 F.2d 204, 206 (9th Cir. 1992)), <u>superseded on other grounds by statute as recognized in</u> <u>C.B. v. City of Sonora</u>, 769 F.3d 1005, 1016 (9th Cir. 2014).  Accordingly, the court will dismiss plaintiff's procedural due process claim.

                  2.   <u>Policy and Practice Claims Against Individual Defendants</u>

Plaintiff alleges "all defendants," presumably including the individual defendants, are liable for "formal policies and practices" that caused violations of plaintiff's Fourth Amendment right to be free from unreasonable seizures. (See Compl. ¶ 29.)  Plaintiff does not allege a factual basis for finding the individually named defendants liable for the formal policies and practices of the county.  Furthermore, plaintiff failed oppose the dismissal of the policy or practice claims as against the individually named defendants.  (See Pl.'s Opp'n (addressing only defendant Yolo County with respect to plaintiff's fourth claim).)  Accordingly, the court will grant the individually named defendants' motion to dismiss plaintiff's fourth claim as against them.

### C. Claims Against Yolo County

An entity may not be held liable under § 1983 on a respondeat superior theory.  See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior.").  "Instead, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  Id. (citing Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978)).

Plaintiff merely alleges the constitutional violations "were the direct and proximate cause of the formal policies and practices of Defendants as alleged therein."  (Compl. ¶ 30.) This threadbare allegation fails to pass muster under Iqbal. "Since Iqbal, courts have repeatedly rejected such conclusory

allegations that lack factual content from which one could plausibly infer Monell liability." Via v. City of Fairfield, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (citing cases).

Plaintiff argues that "we are in the early stages of the proceedings and based on the facts of the case, it is highly likely that plaintiff, through the discovery process, will uncover that there were customs, policies, and practices in place that led to plaintiff's constitutional rights being violated." (Pl.'s Opp'n at 2.)  Nevertheless, "[r]ule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.  Here, plaintiff has failed to allege any facts in her Complaint to raise a reasonable expectation that discovery will reveal evidence to support the allegations.  See Starr, 652 F.3d at 1217.  Accordingly, plaintiff's claims against Yolo County cannot stand.

IT IS THEREFORE ORDERED that defendants' motion to dismiss be, and the same hereby is, GRANTED.

Plaintiff shall have 20 days from the date this Order is signed to file an amended complaint if she can do so in a manner consistent with this Order.

Dated:  April 16, 2015

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE