UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THERESA MARIE NIESEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. GARCIA, YOLO COUNTY SHERIFF'S DEPUTY; J. CEJA, YOLO COUNTY SHERIFF'S DEPUTY; J. LAZARO, YOLO COUNTY SHERIFF'S DEPUTY; M. NEVIS, YOLO COUNTY SHERIFF'S DEPUTY; OFFICER BIGELOW, ANIMAL CONTROL OFFICER FOR YOLO COUNTY; YOLO COUNTY SHERIFF'S DEPARTMENT; YOLO COUNTY PROBATION DEPARTMENT, and Does 1 through 50, et al.,<br><br>　　　　　Defendants. | Civ. No. 2:14-2921 WBS CKD<br><br>ORDER |

----oo0oo----

　　　　Judgment was entered in favor of defendants on July 12, 2016.  (Docket No. 31.)  On July 13, 2016, defendants submitted a Bill of Costs pursuant to Local Rule 292(b).  (Docket No. 32.)  Defendants claim costs of $4,616.55 for obtaining printed and electronic copies of witness deposition transcripts and related

1

1  exhibits for use in this case.  (Id.)  Plaintiff has not objected
2  to the costs pursuant to Local Rule 292(c).
3       Federal Rule of Civil Procedure 54(d)(1) governs the
4  taxation of costs and provides that "costs--other than attorney's
5  fees--should be allowed to the prevailing party."  Fed. R. Civ.
6  P. 54(d)(1).  Title 28 U.S.C. § 1920 enumerates which costs are
7  taxable and allows for the recovery of "[f]ees for printed or
8  electronically recorded transcripts necessarily obtained for use
9  in the case," id. § 1920(2), and "the costs of making copies of
10 any materials where the copies are necessarily obtained for use
11 in the case," id. § 1920(4).  "The cost of deposition copies is
12 'encompassed' by section 1920(2), and is therefore properly
13 taxed" under 28 U.S.C. § 1920.  Alflex Corp. v. Underwriters
14 Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990).  "[28 U.S.C.]
15 section 1920(4) enables a court to award copying costs for any
16 document 'necessarily obtained for use in the case' and does not
17 specifically require that the copied document be introduced into
18 the record to be an allowable cost."  Haagen-Dazs Co. v. Double
19 Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587, 588 (9th Cir.
20 1990).
21      Given that defendants are the prevailing parties in
22 this case, the court has discretion to allow for their "recovery
23 of deposition costs and copying costs."  See Sea Coast Foods,
24 Inc. v. Lu-Mar Lobster & Shrimp, Inc., 260 F.3d 1054, 1061 (9th
25 Cir. 2001); see also E.D. Cal. L.R. 292(f).  "Rule 54(d) creates
26 a presumption in favor of awarding costs to prevailing parties,
27 and it is incumbent upon the losing party to demonstrate why the
28 costs should not be awarded."  Stanley v. Univ. of S. Cal., 178

1  F.3d 1069, 1079 (9th Cir. 1999).  After reviewing defendants'
2  Bill of Costs and in light of the fact that plaintiff has not
3  objected, the court finds that defendants' claimed costs of
4  $4,616.55 are reasonable here.
5          Accordingly, costs of $4,616.55 will be taxed to
6  plaintiff.
7          IT IS SO ORDERED.
8  Dated:  August 8, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE